Spalding, J.
This action was instituted against the defendant *221 in 1846. Tn 1811 the adverse possession began and was uninterrupted m the defendant and those under whom he holds, until the bringing of this suit.
When this adverse possession commenced, it seems that the owners of the land resided out of the state. A portion of them, were infants, but it seems unnecessary to dwell unon that fact, as it will not change the result.
In the year 1816, wo will suppose that the entire fee of the land vested in Hester Smith, the widow of Pascal N. Smith, on the death of the last child, Hester Georgiana. I say we will suppose this, as it seems to be taken for granted by counsel on both sides, that Hester Georgiana took no more than a life estate in the premises, although she lived to bo more than twenty-one years of age.
At this period, 1816, the possession would not avail the defendant, as the widow, Hester Smith, in whom the whole title centered, was a non-resident and protected by the exceptions to the statute of limitations.
In the year 1823, however, Mrs. Smith died, and at the instant of her death the statute commenced running against all persons claiming under her, and would, in the absence"of any other claim> afford to the defendant ample protection, as more than twenty-ono years had elapsed from the removal of the disability to the commencement of the suit. Carey’s Adm. v. Robinson’s Adm’r, 13 Ohio, 181. But the plaintiff, feeling the inconvenience of sundry decisions of this court, that “cut up by the roots” the doctrine of “tacking” disabilities, to avoid the statute of limitations, has concluded to rest his claim upon the executors’ deed of December 10, *1835. It is then objected that in 1816 the last limitation had fallen in, and the whole estate had become absolute in Hester Smith and her heirs. To avoid this difficulty the ingenuity of counsel has started the proposition that, “ upon the execution of the deed by the executors to Ward, his title relates back to the inception of the power, and divests the estate of the devisees.”
I am by no means prepared to regard this pretended execution of power as a serious matter, under the circumstances, yet I am content to follow in any path wherein counsel may choose to lead.
If the title of Ward, under the deed, relates back to the inception of the power, so as to defeat the estate of the devisees, it relates back for another purpose equally fatal to the plaintiff’s right *222 of recovery, with the vesting of the estate in the heirs. It relates back so as to given, right of action to Nahum Ward, at the time defendant’s possession commenced, in 1811. As he is not shown to have been under disability, by reason of infancy or non-residency, his right of action is barred by the statute,,and the ruling of the court below was correct. The judgment will be affirmed.